IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY JOE DUFFIE, #42520-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:17-CV-0414-M-BK |
| | § | (Criminal Case No. 3:10-CR-265-M-02) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. 636(b) and Special Order 3, Petitioner's motion to vacate sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Because this is a successive section 2255 motion, it is recommended that it be transferred to the United States Court of Appeals for the Fifth Circuit.

**I. BACKGROUND**

In 2011, Petitioner pled guilty to possessing with intent to distribute a controlled substance and was sentenced under the career offender provisions of the sentencing guidelines to 150 months' imprisonment and a five-year term of supervised release. *United States v. Duffie,* 3:10-CR-265-M-02, Crim. Doc. 68 (N.D. Tex., Dallas Div., 2011), *appeal dismissed*, 514 F. App'x 481 (5th Cir. 2013). He unsuccessfully sought post-conviction relief under 28 U.S.C. § 2255. *Duffie v. United States*, No. 3:14-CV-1176-M-BK, 2014 WL 2757539 (N. D. Tex. Jun. 17, 2014) (summarily dismissing section 2255 motion), *certificate of appealability denied*, No. 14-10758 (5th Cir. 2015); *Duffie v. United States*, No. 3:16-CV-1531-M-BK (N.D. Tex., 2016) (transferring successive application challenging enhancement of sentence under career offender provisions as unconstitutional in light of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015)), *order denying authorization to file successive application*, No. 16-10894

(5th Cir. 2016) (concluding *Johnson* does not provide basis for authorizing successive section 2255 motion challenging sentence that was enhanced by application of the career offender guideline).

Petitioner also filed various motions to reduce his sentence under the 2014 Drug Guideline Amendments and for reconsideration, but he was ineligible for a reduction because his sentence was increased under the career offender provisions of U.S.S.G. § 4B1.1. *See* Crim. Doc. 117 (denying motion for reconsideration and barring Petitioner from filing further requests for reduction of sentence under Amendment 782 unless he first seeks leave to file from this Court).

In the case *sub judice*, Petitioner, proceeding *pro se*, challenges the enhancement of his sentence under the career offender guidelines relying on *Mathis v. United States,* ___ U.S. ___, 136 S. Ct. 894 (2016), *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). Doc. 1 at 3; Doc. 4 at 2. He claims the court erred in determining that he was career offender under U.S.S.G. § 4B1.1(a). Doc. 4 at 3-4.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by

the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*). However, before a petitioner may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite *prima facie* showing. See 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A)-(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, even assuming Petitioner's claim has merit, the Court of Appeals has not issued an order authorizing the Court to consider the successive section 2255 motion. Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the successive section 2255 motion be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3).

**SIGNED** November 28, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE